IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO.: |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| 9039 Fort Hill Way, Myrtle Beach, SC 29579 | ) | |
| | ) | |
| 9043 Fort Hill Way, Myrtle Beach, SC 29579 | ) | |
| | ) | |
| 115 Calhoun Falls Drive, Myrtle Beach, SC 29579 | ) | |
| | ) | |
| 490 Calhoun Falls Drive, Myrtle Beach, SC 29579 | ) | |
| | ) | |
| 534 Calhoun Falls Drive, Myrtle Beach, SC 29579 | ) | |
| | ) | |
| | ) | |
| Defendants *in Rem*. | ) | |

## UNITED STATES COMPLAINT FOR FORFEITURE *IN REM*

The Plaintiff, United States of America, brings this complaint and alleges as follows, in accordance with Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

## NATURE OF THE ACTION

1.      This is a civil action *in rem* to forfeit to the United States of America real property ("Defendant Properties") pursuant to 18 U.S.C. § 981(a)(1)(C) and (G) and 28 U.S.C. §

2461. The United States seeks forfeiture based upon a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Properties constitute, or are traceable to:

    a.    property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and/or § 1956(a)(1)(B)(i) and/or 1957;

    b.    proceeds traceable to violations of the importation of controlled substances and the manufacture and distribution of controlled substances or listed chemicals and money and property used or intended to be used to facilitate the same such offenses in violation of the Controlled Substances Act of Title 21;

    c.    property derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism in violation of 18 U.S.C. § 2339B;

    c.    proceeds of some other form of specified illegal activity set forth in 18 U.S.C. § 1956(c)(7); and/or

    d.    proceeds of some other form of specified illegal activity set forth in 18 U.S.C. § 1956(h).

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355. This Court has *in rem* jurisdiction over the Defendant Properties pursuant to:

2

a.     28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in the District of South Carolina; and

b.     28 U.S.C. § 1355(b)(1)(B), because venue properly lies in this district pursuant to 28 U.S.C. § 1395.

## THE DEFENDANTS *IN REM*

3.     The Defendant Properties are described as:

a.     The residential property located at 9039 Fort Hill Way, Myrtle Beach, SC 29579 (Horry County TMS Number: 39713040080) ("9039 Fort Hill Way")

b.     The residential property located at 9043 Fort Hill Way, Myrtle Beach, SC 29579 (Horry County TMS Number: 39713040079) ("9043 Fort Hill Way")

c.     The residential property located at 115 Calhoun Falls Dr, Myrtle Beach, SC 29579 (Horry County TMS Number: 39616040012) ("115 Calhoun Falls Dr")

d.     The residential property located at 490 Calhoun Falls Dr, Myrtle Beach, SC 29579 (Horry County TMS Number: 39714010020) ("490 Calhoun Falls Dr")

e.     The residential property located at 534 Calhoun Falls Dr, Myrtle Beach, SC 29579 (Horry County TMS Number: 39714010009) ("534 Calhoun Falls Dr")

4.     In accordance with the provisions of 19 U.S.C. § 1606, the Defendant Properties have a total domestic value of approximately $2,195,865.00.

3

## KNOWN POTENTIAL CLAIMANTS

5.    The known individuals whose interests may be affected by this litigation are:

   a.    Ruiqi Zeng ("Zeng"), the grantee of all but one of the Defendant Properties.
   b.    Liu Chuan, the grantee of the one of Defendant Properties not belonging to Zeng.
   c.    New Star Holdings, LLC ("New Star"), the corporation involved in violations that generated the proceeds utilized to purchase the Defendant Properties.

6.    Pursuant to the pleading requirements of Supplemental Rule G(2)(f), Plaintiff alleges that there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Properties are subject to forfeiture to the United States, based in part upon the following:

   a.    New Star is a subsidiary shell company of China-based company Sichuan Sundia Chemical Co. ("Sundia Chemical"). New Star, located in Myrtle Beach, SC, is used to supply chemical precursors of methamphetamine to the Cártel de Sinaloa or ("Sinaloa Cartel"), a designated Foreign Terrorist Organization ("FTO"), launder the proceeds from the sale of those chemical precursors back into the United States, and conceal those proceeds in the form of assets -- the Defendant Properties.

   b.    On February 20, 2025, the United States Secretary of State designated the Sinaloa Cartel as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act (8 U.S.C. § 1189). On February 20, 2025, the Secretary of State also designated the Sinaloa Cartel as a Specially Designated Global Terrorist under Executive Orders 13224 and

14157. The designation noted that the Sinaloa Cartel, a transnational organization based in Sinaloa, Mexico, is "one of the world's most powerful drug cartels and as one of the largest producers and traffickers of fentanyl and other illicit drugs to the United States." The designation further noted that the Sinaloa Cartel "has used violence to murder, kidnap, and intimidate civilians, government officials, and journalists." *Id.*

I.    *Background – Importers/Exporters and Financial Accounts*

    c.    <u>Belkel SA DE CV ("Belkel")</u> – Belkel is Mexican company and importer of chemicals into Mexico. The principal owners of Belkel are Gladys Mynelia Kelly Romero, Jose Eduardo Kelly Romero, and Jose Carlos Kelly Romero (the "Kellys").

    d.    <u>Importaciones & Insumos Nortpacif HG SA DE CV ("Nortpacif")</u> – Nortpacif is also a Mexican company and importer of chemicals into Mexico. Shipping records and Mexican corporate records for Nortpacif identify Gladys Mynelia Kelly Romero as the principal owner, and Jose Eduardo Kelly Romero and Maria Elda Romero Pregrina as shareholders. Nortpacif serves as a front company and importer of chemicals for and on behalf of the Sinaloa Cartel for its manufacturing of controlled substances.

    e.    <u>Sichuan Sundia Chemical Co. ("Sundia Chemical")</u> - Sundia Chemical is a China based company which was incorporated in or around 2005. Sundia Chemical, located in Shifang City, Sichuan Province, China. Sundia

primarily engages in chemical product sales and import and export of goods, and is a professional supplier for chemical raw materials, according to on Sundia Chemical's website, (www.sundiachem.com/about_en.html). Sundia Chemical has warehouses in Guangzhou and Qinzhou, China, and has an "excellent sales team with 20 years' experience and a convenient logistics system, with annual sales exceeding 20 million US dollars." Additionally, Sundia Chemical's general manager has been identified as Xiaoli Liu ("Liu").

f.   <u>Sundia (Hong Kong) Chemical Company, Ltd ("Sundia HK")</u> – Sundia HK is an exporter which was incorporated in or around April 2006. Sundia HK maintains its corporate headquarters in the Sheung Wan District of Hong Kong. According to Sundia HK's website (www.sundiachemical.com), they were a professional supplier of chemical raw materials to the global market.

g.   <u>New Star Holdings LLC ("New Star")</u> – New Star is a US based chemical importer/exporter, headquartered at 2411 North Oak Street Suite 301N, Myrtle Beach, SC 29577. The South Carolina Secretary of State website's Business Entities Online search feature revealed New Star Holding, LLC, Entity Id 01350116, is a domestic limited liability company in "Good Standing." It was incorporated in South Carolina on August 24, 2023, and lists Ruiqi Zeng ("Zeng"), 9039 Fort Hill Way, Myrtle Beach, SC, 29579,

as the Registered Agent. Zeng is the daughter of Sundia Chemical general manager, Liu, and 9039 Fort Hill Way is one of the Defendant Properties, purchased on September 12, 2023. According to United States Department of State (DOS) Records, Zeng was born in Guangzhou, China on November 29, 2000, and she entered the United States in or around late July 2022 on an F-1 Visa.[1] While in the United States, Zeng resided in Arlington, VA, and Washington, DC and was enrolled at Johns Hopkins University. Immigration records show that Zeng departed the United States in November 2024 and returned to China.

h.    Subject Accounts – The investigation revealed the following accounts, hereafter referred to as the ("Subject Accounts") held at JP Morgan Chase Bank in the name of either Zeng or New Star in which Zeng was the sole owner/signatory for these accounts. Nortpacif and Sundia HK sent large sums of money via international wire transfers to these Subject Accounts.

1.    JP Morgan Chase Bank Account Number: 395-333-2377 ("Subject Account 1")

i.    Account Title (Type): Ruiqi Zeng (Savings)

2.    JP Morgan Chase Bank Account Number: 55-061-5895 ("Subject Account 2")

---

1 An F-1 Visa is a non-immigrant visa that allows international students to enter the United States to pursue full-time academic studies at a US educational institution. It's specifically for students enrolled in a program of study that leads to a degree or certificate.

       i.    Account Title (Type): New Star Holding LLC (Checking)

II.    <u>*Background - Mexican Cartels and the Production of Controlled Substances*</u>

    i.    Many of the chemicals currently used by Mexican DTOs to manufacture methamphetamine and other controlled substances are not themselves controlled— meaning they are relatively easy to purchase. As governments around the world moved to restrict or control chemicals that were the immediate precursors for producing methamphetamine, drug trafficking organizations adapted to begin producing methamphetamine using chemicals that are further removed from methamphetamine and are not controlled or restricted. These chemicals are sometimes referred to as "dual use" chemicals, because they can be used to manufacture a controlled substance, or they can be used for a legitimate purpose. Some of those dual-use chemicals include benzyl alcohol, tartaric acid, and N-Methyl formamide.

III.    <u>*Sinaloa Cartel's Supply of Chemicals*</u>

    j.    Nortpacif was heavily involved in the distribution of chemicals precursors throughout Sinaloa, Mexico. Since at least 2015, Nortpacif has been involved in the production of methamphetamine and the distribution of precursor chemicals used to make methamphetamine in Sinaloa, Mexico. Nortpacif has utilized tradecraft consistent with that of drug traffickers to include obfuscation of chemical shipments from suppliers by addressing

8

shipments to other individuals, as well as the utilization of shell companies to create separation between Nortpacif and the suppliers of precursor chemicals. Agents of Nortpacif been both directly and indirectly involved in multiple meetings between chemical distributors, Sinaloa Cartel associates, and chemical engineers. The purpose for these meetings was to negotiate the production, distribution, and sale of methamphetamine. In or around 2018, members of the Sinaloa Cartel, who were responsible for operating clandestine drug laboratories in Mexico, reached an agreement with the Kellys, whereby the Kellys would provide chemicals to the Sinaloa Cartel. According to agents of Nortpacif, the Kellys were aware that the imported chemicals were going to or were for the benefit of the Sinaloa Cartel and that the Kellys profited millions of dollars from this business. In Mexico, it is widely known that there is a large demand for chemicals and solvents needed to produce methamphetamine. Some of those chemicals can be difficult to get in Mexico. Specifically, one of the chemicals in short supply was benzyl alcohol. The shortage was a result of a combination of government regulation, as well as demand. As the potential profits from methamphetamine production became widely known, chemical distributors in Culiacan, Sinaloa, Mexico, noticed a drastic increase in customers looking for these chemicals.

k.      Agents believe that by December 2019, Nortpacif, which is owned by the Kellys, established a relationship with Sundia Chemical for the purpose of supplying Nortpacif the necessary quantities of benzyl alcohol and other chemical precursors needed to produce methamphetamine.

IV.    *Imports of Chemicals by Belkel and Nortpacif*

l.      The investigation has revealed that the Kellys used Belkel to import chemicals into Mexico from Chinese-based chemical suppliers. Shipping records reveal that from in or about January 2017 through September 2019, Belkel imported various chemicals into Mexico from various China-based chemical suppliers on approximately 65 occasions. Belkel stopped importing chemicals into Mexico in September 2019. The Kellys then appear to have shifted to using Nortpacif to obtain chemicals for import into Mexico from the same suppliers.

m.      According to commercially available global shipping records databases reviewed by the DEA, from December 23, 2019, to June 19, 2024, Nortpacif imported 251 shipments of precursor chemicals, including benzyl alcohol, tartaric acid, and N-methyl formamide, from China. The shipments totaled an approximate value of $24,000,000.[2]

---

2 According to commercially available shipping records databases, these shipments also included multiple other chemicals including 2,2azobis (Isobutironitrilo), Acetato De Etilo, Acetato De N-Butilo, Acido Acético, Acido Acetico Glacial, Acido Citrico Anhidrido, Acido Tartarico, Acido Tioglicolico, Acido Tcca-Tricloroisocianurico, Acido Tricloroisocianurico, Alcohol Bencilico, Algas En Polvo (Seaweed Extract Powder), Cajas De Carton, Alcohol Polivinilico, Rollos De Papel Aluminio, Ciclohexanona, Cloruro De Amonio, Contenedor De 40rh, Eter Monobutilico Del Etilenglicol, Formamida, Glacial Acetic Acid,

n.      Between July 2020 and September 9, 2022, Sundia HK sent Nortpacif approximately 25 shipments of precursor chemicals, including benzyl alcohol and L-tartaric acid, totaling approximately 1,093,916 gross kilograms, with a value of roughly $2,103,132.[3]

o.      Then, from November 2023 through May 2025, Sundia HK sent at least 116 shipments of precursor chemicals, including benzyl alcohol and tartaric acid, to Nortpacif exclusively through its SC-based shell company New Star. [4] According to commercially available global shipping records databases, New Star shipped chemicals almost solely to Nortpacif. Of the 118 shipments of chemicals involving New Star during the referenced time period, 116 went to Nortpacif.

V.     *Formation of US Based Shell Company – New Star*

p.      Law enforcement interviews revealed that Liu was the owner of Sundia Chemical. Liu's daughter, Zeng was in the United States and studying at Johns Hopkins University. Liu wanted to start multiple businesses inside

---

Isobutironitrilo, Metacrilato De Metilo, Metacrilato De Etileno, Metraquilato De Etileno, Molibdato De Sodio, Agente Dispersante,  Methyl Thioglycolate, N-Metilformamida, N-Dimethyl-P-Toluidine, Papel Aluminio, Papel De Aluminio, Pigmentos A Base De Dioxido De Titanio, Tioglicolato De Metilo.

3 All but two shipments occurred in 2020, with one in 2022, and one in 2023. According to commercially available shipping records databases, these shipments also included multiple other chemicals including aluminum foil, organo-sulphur, acyclic amides, and diazo.

4 According to commercially available shipping records databases, these shipments also included multiple other chemicals including dicumyl peroxide, aluminum foil, citric acid, organo-sulphur, acyclic amides, acrylic polymers, and other items.

the United States and to use immigration benefits related to those businesses to get her family members, and Sundia Chemical proceeds, out of China and into the United States. Zeng opened multiple bank accounts in the United States while she was there, including accounts for New Star.

q.      Agents believe New Star was a front business used to conceal proceeds from the sale of chemical drug precursors and launder them into the United States. Liu and Zeng then used those proceeds to purchase multiple residential properties in Myrtle Beach, SC. New Star began operations at some point in the latter half of 2023. Their office was located inside a commercial office building at 2411 N Oak Street, Myrtle Beach, SC, and occupied at least two office spaces. New Star hired fraudulent employees to appear like a legitimate company. New Star took additional steps to appear legitimate, including outfitting the office space with signage, furniture, and computer equipment in the event a customer or potential customer visited the location. Liu's goal was to open multiple businesses inside the United States to launder proceeds for Sundia Chemical and Sundia HK and to get immigration benefits for her family members. New Star closed the office in Myrtle Beach around the end of 2024.

r.      New Star had no legitimate customers and stored no inventory at the office location. No known vendors or legitimate businesses have been associated with New Star at the location.

12

VI.     *Illicit Proceeds from Nortpacif and Sundia HK*

s.     Between March 3, 2020, and October 13, 2023, Nortpacif sent ninety-nine (99) wire transfers to Sundia HK, totaling $14,200,000.00. A review of the financial records for Subject Account 1, which covered the period of August 16, 2022, through August 30, 2024, revealed that Zeng used this account as a facilitator to receive the illegal proceeds from Sundia HK and subsequently, launder the proceeds through the purchase of the Defendant Properties.

t.     Law Enforcement reviewed the records of Subject Account 1 held in the name of Ruiqi Zeng for the time period of August 16, 2022, through August 30, 2024. On August 16, 2022, the opening balance in Subject Account 1 was $126,085.51, and the account received its first incoming wire transfer from Sundia HK on September 26, 2022. From August 16, 2022, to August 30, 2024, total credits to Subject Account 1, excluding the beginning balance, equaled $3,171,170.86.   The largest contributor to that ending balance was Sundia HK. They sent 22 wire transfers to Subject Account 1, totaling $2,484,125.00, which agents believe are funds generated from Sundia HK's sale of methamphetamine precursor chemicals. These transactions occurred during the time period of September 26, 2022, through April 8, 2024, and represented over 75% of the total credits to the account.

13

u.    In addition, information provided by the South Carolina Department of Employment and Workforce indicated that Zeng had no reported income history, nor did she file any claims for unemployment insurance while residing in South Carolina. Furthermore, investigation has determined that New Star was merely a shell company operated by Zeng for the sole purpose of laundering the illegal proceeds of the SUBJECT COMPANIES.

VII.    *Purchase of the Defendant Properties by New Star*

v.    A review of disbursements from Subject Account 1 during the period of August 16, 2022, until August 30, 2024, totaled ***$3,239,254.68*** leaving the account with a zero balance on August 30, 2024. Of note, the two following disbursements occurred in September 2023:

1. September 7, 2023 ($1,273,605.24)

2. September 11, 2023 ($10,000.00)

w.    As indicated in TABLE 1 below, information obtained from the Land Records of Horry County revealed that Zeng purchased three of the Defendant Properties on September 12, 2023, for a total of $1,279,865. The sum of the purchases prices matches, almost exactly, the amount of money Zeng withdrew from Subject Account 1 on September 7 and 11, 2023, as explained above, totaling **$1,283,605.24**.

***TABLE 1 (Defendant Properties) Purchased by Zeng: September 12, 2023)***

14

| ADDRESS | PARCEL (TMS) # | GRANTOR | GRANTEE | SALE PRICE | TRANSFER DATE |
|---|---|---|---|---|---|
| 9039 FORT HILL WAY, MYRTLE BEACH, SC 29579 | 39713040080 | DR HORTON INC | Ruiqi Zeng | $429,990.00 | 09/12/2023 |
| 490 CALHOUN FALLS DR, MYRTLE BEACH, SC 29579 | 39714010020 | DR HORTON INC | Ruiqi Zeng | $409,885.00 | 09/12/2023 |
| 534 CALHOUN FALLS DR, MYRTLE BEACH, SC 29579 | 39714010009 | DR HORTON INC | Ruiqi Zeng | $439,990.00 | 09/12/2023 |
| | | | *TOTAL* | *$1,279,865.00* | |

x.   Law enforcement reviewed the records of Subject Account 2 held in the name of "NEW STAR HOLDING LLC." The account was opened on September 13, 2023, and the review period covered through June 11, 2025. The sole signatory for this account was "Ruiqi Zeng," and the mailing address for New Star, as indicated on the monthly statements, was 2411 N Oak Street, Myrtle Beach, SC 29577.

y.   As indicated below in TABLE 2, from September 13, 2023, through June 11, 2025, total credits into Subject Account 2 equaled $9,502,969.59. The most significant credits included the following:

1.   35 incoming wire transfers from Nortpacif totaling $5,100,325.71. These transactions occurred during the period of November 6, 2023,

15

through April 4, 2025, and represented nearly 54% of the total credits to the account.

2. 13 incoming wire transfers from Sundia HK totaling $1,666,281.90. These wire transactions occurred during the period of September 14, 2023, through May 16, 2024, and represented approximately 17.50% of the total credits to the account.

4:25-cv-13090-JD     Date Filed 10/23/25     Entry Number 1     Page 17 of 22

*TABLE 2 (Subject Account 2: September 13, 2023 – June 11, 2025)*

| PAYOR | Sum of Credit | % of Total | Count |
|---|---|---|---|
| IMPORTACIONES INSUMOS NORTPACIF | $5,100,325.71 | 53.67% | 35 |
| SUNDIA (HONG KONG) CHEMICAL CO LTD | $1,666,281.90 | 17.53% | 13 |
| LONG TEAM (HONG KONG) CHEMICAL CO | $1,275,875.00 | 13.43% | 6 |
| UNITED CHEMICAL SERVICES INC | $442,226.40 | 4.65% | 32 |
| XING HUA INTERNATIONAL CO | $290,605.00 | 3.06% | 5 |
| CONCORD CHEMICALS CORP | $195,100.00 | 2.05% | 10 |
| PIAGET CHEMICALS AND MANUFACTURING PTE LTD | $143,014.75 | 1.50% | 6 |
| XPINHUI CO LTD | $90,680.00 | 0.95% | 2 |
| RAWCHEM CO LTD | $50,200.00 | 0.53% | 1 |
| QUARUM INDUSTRI SAPI DE CV | $47,440.00 | 0.50% | 1 |
| NEW STAR HOLDING LLC (JPMC-5260)-MMA | $45,012.69 | 0.47% | 1 |
| RAWCHEW CO LTD | $44,800.00 | 0.47% | 1 |
| ANASTACIO OVERSEAS INC | $25,182.60 | 0.26% | 1 |
| DAVID ROY | $21,603.72 | 0.23% | 2 |
| NOVA WHOLESALE LLC (JPMC #599707315) | $20,980.00 | 0.22% | 1 |
| JD PROMOTION LLC (BK OF AMER #223031055869) | $19,735.00 | 0.21% | 3 |
| RUIQI ZENG (JPMC-2377)-SAV | $10,000.00 | 0.11% | 1 |
| PURCHASE REFUND | $6,619.21 | 0.07% | 4 |
| MUARA JUARA KREASI | $2,000.00 | 0.02% | 1 |
| C DISTRICT COFFEE EQUIPMENT | $1,904.40 | 0.02% | 1 |
| NSF INTERNATIONAL | $1,274.00 | 0.01% | 1 |
| HYDRO CITY INC | $1,110.00 | 0.01% | 1 |
| SOUTH CAROLINA STATE TREASURER | $380.56 | 0.00% | 1 |
| PITTI CAFFE | $323.41 | 0.00% | 1 |
| NEW STAR HOLDING LLC (JPMC-6029699605) | $100.00 | 0.00% | 1 |
| RUIQI ZENG (JPMC-2583)-CHK | $100.00 | 0.00% | 1 |
| BANK CHARGE-OFF | $95.00 | 0.00% | 1 |
| **Grand Total** | **$9,502,969.35** | **100.00%** | **134** |

17

z.      As indicated in TABLE 3 below, information obtained from the Land Records of Horry County indicated that Zeng sent funds from Subject Account 2 to the law firm of Wilcox, Buyck, and Williams that were used to purchase the remaining two Defendant Properties during 2024.

**TABLE 3 (Defendant Properties Purchased by Ruiqi Zeng: Calendar Year 2024)**

| ADDRESS | PARCEL (TMS) # | GRANTOR | GRANTEE | SALE PRICE | TRANSFER DATE |
|---|---|---|---|---|---|
| 9043 FORT HILL WAY, MYRTLE BEACH, SC 29579 | 39713040037 | DR HORTON INC | Liu Chuan[5] | $420,000.00 | 04/19/2024 |
| 115 CALHOUN FALLS DR, MYRTLE BEACH, SC 29579 | 39616040012 | DR HORTON INC | Ruiqi Zeng | $496,000.00 | 07/12/2024 |
|  |  |  | *TOTAL* | *$916,000.00* |  |

aa.     Disbursements from Subject Account 2 during the period of September 13, 2023, through June 11, 2025, totaled $9,502,969.35, leaving the account with a zero balance on June 11, 2025. This included two outgoing wire transfers to Wilcox, Buyck and Williams (Real Estate Trust Account) totaling **$907,082.52**.

1. The first wire transfer, in the amount of $414,554.01, occurred on May 17, 2024, with the memo line reading **"Closing for 9043 Fort Hill Way, Myrtle Beach, SC 29579."**

2. The second wire transfer, in the amount of $492,528.51, occurred on July 16, 2024, with the memo line reading **"Ruiqi Zeng, 115 Calhoun Falls Dr, Myrtle Beach, SC 29579."**

---

5 Liu has a son, Chuan Liu, who is the half-brother of Zeng. Chuan is listed as grantee on one of the Defendant Properties.

VIII.     *IIX. May 2025, Seizure by U.S. Law Enforcement*

bb.     In May 2025, DEA Chemical Express (CHEMEX) agents became aware of a shipment being sent by New Star, from China, destined for Nortpacif, in Sinaloa, Mexico.[6] According to the shipment records obtained from a commercial open-source database, New Star listed their "shipper" address as 9039 Fort Hill Way, Myrtle Beach South Carolina, one of the Defendant Properties. Some shipment details were as follows:

- Bill of Lading (BOL): MEDU-QV035926

- Port of Receipt: Qingdao, China

- Weight: 50,400 KG

- Cargo: DICUMYL PEROXIDE - DICUMYL PEROXIDE (CAS NO. 80-43-3)

- Shipper: New Star Holding LLC. 9039 Fort Hill Way, Myrtle Beach South Carolina.

- Consignee: IMPORTACIONES & INSUMOS Nortpacif CLL Quazar 5454 INT 10 MZ 1LT 10 D PUNTA BAJA BCN MEXICO.

cc.     On May 30, 2025, U.S. law enforcement seized this shipment in Long Beach, CA, before it reached Mexico. The shipment contained approximately 50,400 kilograms of dicumyl peroxide, a chemical precursor used in the manufacturing of methamphetamine.

---

6 This shipment was part of the 116 previously mentioned shipments involving New Star.

dd.     After the May 2025 seizure referenced above, Sundia Chemical received a notification from United States Customs and Border Protection (US CBP) that one of the shipments Sundia Chemical sent to a company in Mexico was seized by law enforcement. That same notification was also sent to the Chinese equivalent of US CBP. The Chinese government advised Liu that although the chemicals she was selling were not prohibited for export in China, Liu should avoid shipping those chemicals outside of China.

ee.     After the May 2025 seizure and notifications by US CBP and Chinese law enforcement to Liu, three of the Defendant Properties were listed for sale:

1.  9039 Fort Hill Way; Listed for sale on July 9, 2025

2.  490 Calhoun Falls Dr; Listed for sale on June 20, 2025

3.  534 Calhoun Falls Dr; Listed for sale June 24, 2025

ff.     Listing the Defendant Properties for sale, the closure of New Star's office space, and the closure of New Star's financial accounts illustrates Liu's knowledge that the Defendant Properties were purchased with illegal proceeds. Liu may be attempting to recover the laundered proceeds by liquidating New Star's assets, including the Defendant Properties.[7]

---

7  The remaining Defendant Properties, 9043 Fort Hill Way and 115 Calhoun Falls to date, have not been listed for sale since their original purchases.

## **CONCLUSION**

7.      Based on the information and allegations set forth herein, there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show the Defendant Properties constitute, or are traceable to:

    a.      property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and/or § 1956(a)(1)(B)(i) and/or 1957;

    b.      proceeds traceable to violations of the importation of controlled substances and the manufacture and distribution of controlled substances or listed chemicals and money used or intended to be used to facilitate the same such offenses in violation of the Controlled Substances Act of Title 21;

    c.      property derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism in violation of 18 U.S.C. § 2339B;

    c.      proceeds of some other form of specified illegal activity set forth in 18 U.S.C. § 1956(c)(7); and/or

    d.      proceeds of some other form of specified illegal activity set forth in 18 U.S.C. § 1956(h).

8.      By reason of these premises, and pursuant to 18 U.S.C. § 981(f) and 21 U.S.C. § 881(h), whereby the Plaintiff's right, title and interest in and to the Defendant Properties relates back to the commission of the act giving rise to the forfeiture, the Defendant Properties have become and are forfeited to the United States of America, to be disposed

of pursuant to Supplemental Rule G(7)(c) for Admiralty or Maritime Claims and Asset

Forfeiture Actions, 18 U.S.C. § 981(d), 21 U.S.C. § 881(e), and other applicable laws.

WHEREFORE, Plaintiff prays that due process issue to enforce the forfeiture of

the Defendant Properties, *in rem*; that a Warrant for the Arrest of the Defendant Properties

be issued; that due Notice be given to all interested persons to appear, make claim, answer

and show cause why the forfeiture should not be decreed; that the Defendant Properties be

decreed condemned and forfeited to the United States of America for disposition according

to law; and that Plaintiff have such other and further relief as the Court may deem just and

proper, together with the costs and disbursements of this action.

Respectfully submitted,

BRYAN P. STERLING
UNITED STATES ATTORNEY

By:    *s/Carrie Fisher Sherard*
Carrie Fisher Sherard #10134
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
(864) 282-2100
Carrie.A.Fisher@usdoj.gov

October 23, 2025